IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                              CHARLESTON DIVISION


ERICA GARDNER, and,
JEANETTE MCTIERNAN

                        Plaintiffs,

v.                                              CIVIL ACTION NO.  2:09-cv-01289

MYLAN INC., et al.

                        Defendants.


                         **MEMORANDUM OPINION AND ORDER**

        Pending before the court is the defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404 [Docket 27].  The Motion is **GRANTED**.


**I. Background**

        This case presents an issue this court recently addressed in *Leonard v. Mylan*, __ F. Supp. 2d __ (S.D. W. Va. 2010), 2010 WL 2473302.  In *Leonard* the estate of a woman who allegedly died from fentanyl overdose sued these same pharmaceutical-manufacturer defendants in the Southern District of West Virginia for products-liability torts.  All of the relevant facts surrounding Ms. Leonard's death occurred in Michigan. The defendants sought a 28 U.S.C. § 1404(a) transfer, which I granted.  The transfer issues in this case are indistinguishable from those in *Leonard*.  Transfer is therefore warranted.

        A. *Facts*

According to the Complaint, Jeanette McTiernan resided in Midwest City, Oklahoma. She was prescribed the Mylan Fentanyl Transdermal System (the patch) for pain relief. Ms. McTiernan subsequently died in Oklahoma from fentanyl overdose. Her prescribing physician and the pharmacy that filled her prescription were located in nearby Guthrie, Oklahoma.

B. *Procedural History*

On November 30, 2009, Erica Gardner, the administrator of Ms. McTiernan's estate, sued the manufacturers of the patch for wrongfully causing Ms. McTiernan's death. The Complaint asserts claims for products liability, negligence, violation of the Oklahoma Consumer Protection Act, and negligent misrepresentation. It also alleges that the defendants engaged in wanton, willful, or reckless conduct.

On January 14, 2010, the defendants filed a motion to dismiss a portion of the complaint. The instant motion to transfer was filed on May 6, 2010. On June 11, 2010, the case was reassigned from the Honorable Thomas E. Johnston, United States District Judge, to the undersigned judge.

## II. Standard

The defendants seek transfer pursuant to 28 U.S.C. § 1404(a). That statute authorizes a district court to transfer a case to another judicial district "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Section 1404(a) is generally reserved for cases that are filed in the proper district, but in which convenience dictates transfer. Section 1406(a) of Title 28, on the other hand, provides that "[t]he district court in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case

to any district or division in which it could have been brought." That statute usually applies when a case is simply filed in the wrong district and needs to be transferred to a district where venue lies.

Each of these transfer statutes carries its own consequences. *See Lafferty v. St. Riel*, 495 F.3d 72, 76-77 (3d Cir. 2007) (outlining differences between §§ 1404(a) and 1406(a)). Under § 1404(a), the transferee court applies the choice-of-law rules of the transferor court. *Van Dusen v. Barrack*, 376 U.S. 612, 632-37 (1964) ("A change of venue under s. 1404(a) generally should be . . . but a change in courtrooms."). This discourages forum-shopping defendants from seeking alternative fora with more favorable substantive law. The result is different, however, in a § 1406(a) transfer. Under § 1406(a), the transferee court applies its own choice-of-law principles. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 243 n.8 (1981); *Adam v. J.B. Hunt Transport, Inc.*, 130 F.3d 219, 230 (6th Cir. 1997) ("Because the case was transferred pursuant to 28 U.S.C. § 1406(a) . . . the transferee court was required to apply the choice-of-law rules that would have been applicable had the action been commenced in that court."). When a case has been transferred under § 1406(a), forum-shopping is not a concern, because the lawsuit was initially filed in the wrong district. Transfer simply remedies the venue defect.

The differences between § 1404(a) and § 1406(a) are not limited to choice-of-law ramifications. As explained above, a § 1406(a) transfer is based on improper venue. Rule 12(b)(3) of the Federal Rules of Civil Procedure, however, provides that objection to improper venue is an affirmative defense that is waived if it is not made before or with a responsive pleading. So failure to timely seek transfer under § 1406(a) constitutes waiver. But unlike a § 1406(a) motion, a § 1404 transfer request carries no time restraints. *Jones v. Walgreen Co.*, 463 F. Supp. 2d 267, 271 (D.

Conn. 2006). Indeed, because it is based on convenience, § 1404(a) invites case development to locate evidence and identify witnesses.

Determining proper venue is generally guided by 28 U.S.C. § 1391. That statute offers three options in diversity cases. *See* 28 U.S.C. § 1391(b). The first option is based on the residence of the defendants. Venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State." *Id.* § 1391(b)(1). That provision is inapplicable, however, when the defendants are residents of different states.[1] The second option focuses on where the events underlying the plaintiff's claims occurred. Venue lies in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *Id.* § 1391(b)(2). The third option is a fail-safe that operates if neither § 1391(a) or (b) apply. Venue is appropriate in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." *Id.* § 1391(b)(3). My analysis will center on the first two options.

**III. Discussion**

Here, the defendants' § 1404(a) transfer request is an imperfect fit to these procedural facts. The Southern District of West Virginia is not the proper venue for this case. Section 1391(b)(1) does not apply, because the defendants are corporate residents of different states. Nor is venue proper here under § 1391(b)(2). The events or omissions giving rise to the plaintiff's claims

---

[1] "[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

occurred in the Western District of Oklahoma, not the Southern District of West Virginia. Ms. McTiernan was prescribed the patch in Oklahoma, she filled her prescription there, she overdosed there, and she died there. Conversely, no material facts relating to the plaintiff's injuries occurred in the Southern District of West Virginia. Therefore, the Western District of Oklahoma, rather than the Southern District of West Virginia, is the appropriate venue for this case. As such, transfer under § 1406(a), rather than § 1404(a), is the more appropriate remedy. But the defendants waived their ability to seek § 1406(a) transfer by failing to timely challenge venue. Without § 1406(a) as an option, the defendants are left with § 1404(a) as their only recourse for transfer.

In deciding whether to transfer a case under § 1404(a), a court must first determine whether the action "might have been brought" in the transferee district. 28 U.S.C. § 1404(a). If so, then the court should consider several private- and public-interest factors: ease of access to evidence; the convenience of the parties and witnesses; the cost of obtaining the attendance of witnesses; the availability of compulsory process; the possibility of a view; the interest in having local controversies decided at home; and the overriding interests of justice. *Vass v. Volvo Trucks, N. Am., Inc.*, 304 F. Supp. 2d 851, 857 (S.D. W. Va. 2004). The party seeking transfer carries the burden of showing that the current venue is inconvenient. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010). The plaintiff's choice of forum is accorded great weight. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981).

Considering these factors, this case should be tried in the Western District of Oklahoma. First, this case could have originally been filed there. The events or omissions giving rise to the

plaintiff's claims occurred there, and venue is thus proper in that district under § 1391(b)(2).[2] Second, the private- and public-interest factors favor transfer. Regarding the private-interest factors, all relevant facts in this case occurred in Oklahoma. The majority of witnesses — witnesses such as law enforcement officers, medical examiners and toxicologists, as well as Ms. McTiernan's medical providers — are in Oklahoma. Evidence regarding Ms. McTiernan's medical history and the circumstances surrounding her death will be found in Oklahoma. Furthermore, evidence related to the defendants' design and manufacture of the patch in possession of the defendants will be subject to the Oklahoma federal court's subpoena power. As for the public-interest factors, Oklahoma has a strong interest in having this case litigated locally. Oklahoma's interests include having one of its citizen's rights vindicated, as well as protecting its other citizens from potentially harmful pharmaceutical drugs. Conversely, West Virginia's interests are few. Other than the incorporation of two of the defendants in West Virginia, there are no West Virginia interests in this case.

Justice is best served by having this case proceed in the Western District of Oklahoma. The plaintiff's choice of forum is substantially outweighed by Oklahoma's position as the epicenter of this litigation. Transfer is necessary to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616.

## III. Conclusion

---

[2] The plaintiffs assert that a consequence of transfer will be a loss of personal jurisdiction over the defendants. The defendants do not challenge personal jurisdiction in Oklahoma. (Reply Br. Supp. Mot. Transfer 4-5.) They have therefore waived any such challenge.

For the forgoing reasons, the Motion to Transfer [Docket 27] is **GRANTED**. This case shall be **TRANSFERRED** to the United States District Court for the Western District of Oklahoma. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 24, 2010

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge